IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA A. BRESLOW, | : |
| Plaintiff, | : Case No. 2:20-cv-00212 |
| v. | : |
| STATE STREET CORP., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STATE STREET CORP'S MOTION TO DISMISS**

Defendant State Street Corporation[1] ("State Street") submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiff Donna A. Breslow ("Ms. Breslow"), in its entirety. On January 13, 2020, Ms. Breslow filed her *pro se* Complaint purporting to allege violations of the (1) Equal Employment Opportunity Act of 1972, (2) Age Discrimination in Employment Act of 1967, (3) Americans with Disabilities Act of 1990, (4) Fair Labor Standards Act, (5) Family Medical Leave Act of 1993, and (6) Civil Rights Act of 1964. (Compl. at p. 3 attached hereto as Exhibit A). Based on the inadequacy of the factual allegations in the Complaint, State Street moves to dismiss Ms. Breslow's Complaint under Fed. R. Civ. P. 12(b)(6), or alternatively, for a more definite statement.

**I.     COMPLAINT ALLEGATIONS [2]**

In her Complaint, Ms. Breslow attempts to assert claims for damages under six (6) Federal

---

[1] State Street Corporation was not Ms. Breslow's employer. Ms. Breslow was employed by State Street Bank & Trust Co., a wholly-owned subsidary of State Street Corporation.

[2] While the Court accepts as true, for the purposes of this Motion to Dismiss, factual allegations set forth in the Complaint, State Street denies all liability and reserve all denials and defenses.

statutes: (1) Equal Employment Opportunity Act of 1972 ("EEO Act"), (2) Age Discrimination in Employment Act of 1967 ("ADEA"), (3) Americans with Disabilities Act of 1990 ("ADA"), (4) Fair Labor Standards Act ("FLSA"), (5) Family Medical Leave Act of 1993 ("FMLA"), and (6) Civil Rights Act of 1964 ("Title VII").  (Exh. A, Compl. at p. 3).  Ms. Breslow makes three (3) factual averments against State Street in an effort to establish *prima facie* cases under the six Federal statutes she references in her Complaint:

- Systematic and routine discrimination in the proper and earned advancement in position and compensation as a female employee.

- An environment of sexual harassment where the employee felt wholly unsafe and often a potential victim of sexual harassment by male superiors.

- The improper handling of the disability claim of Donna A. Breslow by HR and direct supervisors, Donna A. Breslow is currently suffering from Stage 4 Breast Cancer with brain and lung involvement, and presently disabled.

(*See* Exh. A, Compl. at p. 6.)  Ms. Breslow further seeks the following relief:

- Actual damages:
    - Advancement withhold (deprived of compensation, both cash, benefits, and bonus/stock options):  $3,000,000

- Improper claiming of disability claim:  $3,000,000

- Punitive damages:
    - Hostile work environment:  $3,000,000
    - Pain and suffering, mental anguish:  $3,000,000

(*See id*.)  State Street accepts the allegations in Ms. Breslow's Complaint as true for the purposes of this Motion only.  Even when accepting all of Ms. Breslow's factual allegations as true, however, she has failed to state claims upon which relief can be granted.

## II. PROCEDURAL BACKGROUND

Ms. Breslow filed her *pro se* Complaint on January 13, 2020.  On February 19, 2020, State

Street received service of the summons. Based on the date of service, State Street has until March 11, 2020 to answer or respond to Ms. Breslow's Complaint. State Street now seeks dismissal of Ms. Breslow's Complaint for failure to state claims upon which relief may be granted.

### III. ARGUMENT

#### A. Standard of Review

Rule 12(b)(6) authorizes a motion to dismiss if the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. This is because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In the aftermath of *Twombly* and *Iqbal*, courts reviewing a motion to dismiss follow a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, a court should disregard legal conclusions in the complaint: "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678; *see also Vurimindi v. Fuqua Sch. of Bus.*, No. 10-234, 2010 U.S. Dist. LEXIS 88094, at *17 (E.D. Pa. Aug. 19, 2010), *aff'd in part and vacated in part,* 435 Fed. Appx. 129 (3d Cir. 2011) (noting the Court need not accept as true a plaintiff's "unsupported conclusions and unwarranted inferences," "bald assertions," or "legal conclusions") (internal citations omitted). Second, the Court must draw on its "judicial experience and common sense" to analyze the actual facts pled in the complaint to determine whether a claim for relief is plausible. *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (citations omitted).

If the complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and does not raise more than a "sheer possibility that a defendant has acted unlawfully," it warrants dismissal. *Iqbal*, 556 U.S. at 678. In other words, "[a] complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible." *Fleisher v. Standard Ins. Co.*, No. 10-2678, 2011 U.S. Dist. LEXIS 46756 at *11 (D.N.J. May 2, 2011). Applying this standard to Ms. Breslow's allegations demonstrates her Complaint should be dismissed in its entirety.

### B. Ms. Breslow Failed To Plead A Claim Under The FLSA

The FLSA sets minimum wage and overtime requirements, among other guidelines, and creates two classifications of employees, exempt and non-exempt, for the purpose of establishing minimum wage and overtime entitlements. *See generally* 29 U.S.C. §§ 201, *et al*. To establish a *prima facie* case for overtime compensation under the FLSA, for example, Ms. Breslow would have to assert (1) she performed uncompensated overtime as a non-exempt employee, and (2) State Street had actual or constructive knowledge she did so. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 121, 128 (3d Cir. 2018). Ms. Breslow has failed to plead any facts that would establish a *prima facie* case under the FLSA because (1) she has not alleged that State Street failed to pay her minimum wage or overtime, and (2) she not stated whether she is an exempt or non-exempt employee. Additionally, the FLSA has a two-year statute of limitations on allegations of unpaid overtime or unpaid minimum wage, unless the violations alleged are "willful," in which case a three-year period applies. 29 U.S.C. § 255(a). Ms. Breslow has asserted no facts to establish that her FLSA claim is timely made. As a result of the inadequacy of Ms. Breslow's factual allegations, the Court should dismiss her purported FLSA claim.

### C. Ms. Breslow Inadequately Pled A Disability Discrimination Claim Pursuant To The ADA

To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation by her employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999); *see also Decker v. Alliant Technologies, LLC*, 871 F. Supp. 2d 413, 430-31 (E.D. Pa. 2012) (*citing Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009)) (stating that the third element "include[s] refusing to make reasonable accommodations for a plaintiff's disabilities."). In order to show that she is a disabled person under the ADA, a plaintiff must (1) suffer from a physical or mental impairment that substantially limits one or more major life activities; (2) have a record of such impairment; or (3) be regarded as having such an impairment. *See* 42 U.S.C. § 12102(2).

Here, Ms. Breslow attempts to establish a disability under the ADA by offering a brief description of her medical condition supported by a mere legal conclusion that she "is presently disabled." (Exh. A, Compl. at p. 6). Even if the Court finds Ms. Breslow's averments sufficient to establish a disability under the ADA, she has not alleged any facts that she was otherwise qualified to perform the essential functions of her job with or without accommodation, which is an essential element of a *prima facie* ADA case. Furthermore, her conclusory statement regarding the "improper handling of [her] disability claim" fails to establish she was subject to an adverse action, another essential element of a *prima facie* case. Such threadbare allegations accompanied by mere conclusory statements cannot withstand a motion to dismiss. *See Fowler,* 578 F.3d at 210. Moreover, despite the insufficiency of her factual assertions, Ms. Breslow seeks $300,000 in

damages for the "[i]mproper claiming of [d]isability [c]laim," which on its face fails to put State Street on notice of her purported ADA violation. (Exh. A, Compl. at p. 6). Due to Ms. Breslow's failure to plead the requisite elements of an ADA case, the Court should dismiss Ms. Breslow's purported ADA violation for failure to state a claim upon which relief may be granted.

      **D.    Ms. Breslow Failed To Plead Any Of The Necessary Elements To Assert An ADEA Claim, And Thus, The Court Should Dismiss That Claim**

To state a claim for age discrimination under the ADEA, a plaintiff must allege (1) she is over forty (40) years of age, (2) she is qualified for the position in question, (3) she suffered from an adverse employment decision, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006). Ms. Breslow failed to assert any of the necessary elements to establish a *prima facie* age discrimination claim under the ADEA. Her Complaint fails to (1) list her age, (2) whether she is or was qualified for a position at State Street, (3) an explanation of the alleged adverse employment decision she suffered, or (4) any information about her replacement, if applicable. Since Ms. Breslow pled none of the elements necessary to state an ADEA claim, the Court should dismiss her alleged ADEA violation for failure to state a claim upon which relief may be granted.

      **E.    Ms. Breslow Inadequately Pled Gender Discrimination And Hostile Work Environment Claims Under Title VII**

            **1.    Ms. Breslow's Failed To Plead Gender Discrimination**

To make out a *prima facie* case of gender discrimination under Title VII, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she suffered some adverse employment action; (3) at the time of the adverse employment action, her job performance met her employer's legitimate expectations; and (4) others who were similarly situated to her and not within her protected class were treated more favorably. *Geraci v. Moody-Tottrup, Intern., Inc.*, 82 F.3d 578, 581 (3d Cir. 1996); *Jones v. Sch. Dist.*, 198 F.3d 403, 410 (3d Cir. 1999). Even assuming

*arguendo* that Ms. Breslow asserted sufficient facts to establish she is a female, who suffered some adverse employment action based on her conclusory statement that gender discrimination stunted her "advancement in position and compensation" (Exh. A, Compl. at p. 6), she failed to allege any facts that establish prongs three and four of a *prima facie* sex discrimination case. Despite the inadequacy of Ms. Breslow's Title VII claim, she nevertheless seeks $3,000,000 in damages due to "[a]dvacement withhold," which she defines as "deprived of compensation, both cash, benefits, and bonus/stock options." (*See id*.). Outside of one bald factual assertion regarding "[s]ystematic and routine discrimination," Ms. Breslow has asserted no facts to support her desired relief, and therefore, her purported Title VII claim warrants dismissal. *See Iqbal*, 556 U.S. at 678-79. Due to her failure to assert the requisite facts to articulate a *prima facie* case, the Court should dismiss her alleged gender discrimination claim.

      **2.    Ms. Breslow Failed To Plead The Requisite Elements To Assert A Hostile Work Environment Claim, And Thus, The Court Should Dismiss That Claim**

To establish a *prima facie* case of hostile work environment, a plaintiff must prove five elements: (1) she suffered intentional harassment because of her sex; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected her; (4) the harassment would detrimentally affect a reasonable woman in her position; and (5) *respondeat superior* liability exists. *Theriault v. Dollar General*, 336 F. App'x 172, 174 (3d Cir. 2009). Here, Ms. Breslow did nothing to establish the plausibility of her entitlement to relief beyond making an overarching and conclusory statement that "[a]n environment of sexual harassment" exists, which is insufficient to establish a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678-79. As drafted, Ms. Breslow failed to describe the alleged harassing conduct. Her Complaint leaves the Court and State Street without the ability to examine whether the purported behavior meets the severe or pervasive standard or if the alleged harassment objectively alters the work environment. Despite

the shortcomings of her factual assertions, Ms. Breslow seeks $3,000,000 in damages due to her alleged hostile work environment claim. Due to the factual inadequacy of Ms. Breslow's purported claim, the Court should dismiss her alleged hostile work environment allegation.

### F. Ms. Breslow Failed To Establish She Exhausted Her Administrative Remedies Under Title VII, The ADA, And The ADEA Prior To Filing Her Complaint

The filing of an administrative charge and the receipt of a right-to-sue letter are statutory prerequisites to commencing a civil action under Title VII, the ADA, and the ADEA. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Diehl v. U.S. Steel/Edgar Thomson Works*, No. 09-948, 2010 U.S. Dist. LEXIS 4618, at *18 (W.D. Pa. Jan. 21, 2010) (noting "[t]he ADA adopted the enforcement scheme and remedies found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*); 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)(1) (requiring administrative exhaustion before an employee may file suit under the ADEA). The receipt of the right-to-sue letter signifies that the complainant has exhausted administrative remedies, which is an essential element for bringing a claim in federal court. *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). After the claimant receives a right-to-sue letter from the EEOC, she has 90 days to file a complaint in federal court. *See* 42 U.S.C. §2000e-5(f)(1) (stating that civil action may be filed "within ninety days" after notice of dismissal by EEOC, as applicable to the ADA under 42 U.S.C. § 12117(a)).

Ms. Breslow's threadbare Complaint provides no evidence she exhausted her administrative remedies by filing a charge with either the EEOC or the Pennsylvania Human Relations Commission ("PHRC") asserting discrimination based on gender, age, disability, or any other basis protected under Title VII prior to filing the instant lawsuit. Due to her failure to establish administration exhaustion, the Court should dismiss her Title VII, ADEA and ADA claims.

### G. Ms. Breslow's FMLA Claim Should Be Dismissed Because She Failed To Establish Her Entitlement To FMLA Leave

Under FMLA, it is unlawful for "an employer to interfere with, restrain, or deny the exercise of or any attempt to exercise" rights afforded by the Act. *See* 29 U.S.C. § 2615(a)(1). To establish an inference claim, a plaintiff must first prove that she was eligible to receive FMLA leave. Proving eligibility for FMLA leave requires a plaintiff to show, among other things, that she was employed by the defendant for at least twelve (12) months, had at least 1,250 hours of service with the defendant over the previous twelve (12) months, and was employed at a worksite where the defendant employed at least fifty (50) employees within seventy-five (75) miles. *See* 29 U.S.C. § 2611(2)(A). A plaintiff can separately establish a *prima facie* case of FMLA retaliation or discrimination by showing (1) she took FMLA leave or otherwise sought FMLA; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to her leave. *See Lepore v. Lanvision Sys., Inc.*, 113 Fed. Appx. 449, 453 (3d Cir. 2004).

Although Ms. Breslow attempts to assert a claim under FMLA in her Complaint, she failed to allege any supporting facts regarding her dates of employment to establish her entitlement to FMLA leave. Further, she failed to assert any facts necessary to assert a *prima facie* case of FMLA discrimination or retaliation. Thus, the Court should dismiss Ms. Breslow's alleged FMLA claim as a result of her failure to plead sufficient facts to establish the essential elements of such a claim.

### H. Ms. Breslow's Reliance On The EEO Act Of 1972 Is Misguided Because That Act Merely Amended Title VII And Did Not Provide An Independent Right Of Action To Sue For Discrimination

The EEO Act is not a separate basis under which Ms. Breslow may assert claims against State Street. Instead, the EEO Act is an amendment to Title VII that, among other things, gave the EEOC litigation authority, made the local, state, and federal governments subject to Title VII, and extended the time in which complainants may file charges of discrimination and retaliation. *See*

*generally* Pub. L. No. 92-261, 86 Stat. 103.  Since Ms. Breslow has no separate or independent right to assert a discrimination claim under the EEO Act that is distinguishable from her alleged Title VII claims, the Court should dismiss her purported EEO Act claim.

### I. Alternative Motion For A More Definite Statement

As demonstrated above, Ms. Breslow has failed to provide sufficient factual support for her claims.  If the Complaint is not dismissed, however, State Street alternatively requests that the Court order Ms. Breslow to plead more definite allegations, so State Street can properly prepare a responsive pleading.  *See* Fed. R. Civ. P. 12(e).

### IV. CONCLUSION

For the foregoing reasons, State Street respectfully requests that this Court dismiss Ms. Breslow's Complaint in its entirety.

Dated:  March 11, 2020

*/s/ Wendy S. Buckingham*
Wendy S. Buckingham (PA #320259)
**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t) / 267.402.3131 (f)
wbuckingham@littler.com

*Attorneys for Defendant*
*State Street Corp.*