IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA A. BRESLOW** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE STREET CORP.** | : | **NO. 20-212** |

MEMORANDUM

**Savage, J.**                                                                                       **June 29, 2020**

*Pro se* plaintiff Donna Breslow brings this action against her employer for discrimination under a variety of statutes – Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disability Act ("ADA"), the Family Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), and the Equal Employment Opportunity Act ("EEOA"). Defendant State Street Corporation has moved to dismiss.

Breslow has not shown that she exhausted her administrative remedies before the Equal Employment Opportunity Commission ("EEOC") for her Title VII, ADEA and ADA claims. Nor has she alleged facts necessary to state causes of action for discrimination under the cited statutes. Therefore, we shall grant the motion to dismiss without prejudice and allow Breslow to file an amended complaint.

Breslow's Complaint

In her complaint, Breslow alleges that she suffered "[s]ystematic and routine discrimination" regarding her advancement and compensation "as a female employee."[1] She claims that she suffered "[a]n environment of sexual harassment" where she felt

---

[1] Pl.'s Compl. at 6, ¶ 1 (ECF No. 1).

"wholly unsafe" and was "often a potential victim of sexual harassment by male superiors."[2]

Breslow also alleges she is disabled because she suffers from Stage 4 breast cancer with brain and lung involvement.[3] According to the complaint, her superiors and the human resources department improperly handled her disability claim.[4] She states that she was "deprived of compensation, both cash, benefits, and bonus/stock options[.]"[5]

State Street moves to dismiss the claims under Title VII, the ADEA and the ADA because Breslow has not exhausted her administrative remedies before bringing suit.[6] Additionally, State Street contends Breslow has not alleged facts stating a claim under any of the statutes.[7] State Street alternatively requests that Breslow provide a more definite statement of her claims.[8]

## Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court

---

[2] *Id.* at 6, ¶ 2.

[3] *Id.* at ¶ 3.

[4] *Id.*

[5] *Id.* at 6.

[6] Def.'s Mot. to Dism. at 8 (ECF No. 3).

[7] *Id.* at 4-9.

[8] *Id.* at 10.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. Then, we determine whether the alleged facts, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

A complaint need not establish a *prima facie* case to survive a motion to dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). A *prima facie* case is "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510 (2002) (citations omitted). "Instead of requiring a *prima facie* case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 788–89 (citing *Phillips,* 515 F.3d at 234) (internal quotations and citations omitted).

3

Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording her the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Breslow's complaint and draw all possible inferences from these facts in her favor.

## Analysis

### *Failure to Exhaust Administrative Remedies*

A plaintiff must exhaust all required administrative remedies before filing an action for employment discrimination under Title VII, the ADEA and the ADA. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)); *Purtill v. Harris,* 658 F.2d 134, 138–39 (3d Cir. 1981); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999). To exhaust, a plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Mandel*, 706 F.3d at 163 (citing *Robinson*, 107 F.3d at 1020–21).

Like a statute of limitations, a failure to exhaust administrative remedies is an affirmative defense. *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (citing *Robinson,* 107 F.3d at 1021, 1022). A plaintiff need not plead exhaustion in the complaint. Nonetheless, a failure to exhaust is grounds for dismissal on a motion to dismiss under Rule 12(b)(6). In seeking dismissal, the defendant cannot rely solely on the plaintiff's failure to plead exhaustion of administrative remedies. The defendant must affirmatively aver that she did not. Then, even though the plaintiff did not plead that she had filed a charge with the EEOC and received a right-to-sue letter, she may assert facts showing exhaustion in responding to a motion to dismiss.

State Street argues that Breslow has not filed a charge of sex discrimination, sexual harassment, age discrimination or disability discrimination with the EEOC. Breslow did not plead facts showing exhaustion in her complaint nor did she respond to State Street's motion to dismiss.9 Consequently, State Street's contention that Breslow failed to exhaust is undisputed. Therefore, we must dismiss her claims under Title VII, ADEA and the ADA for failure to exhaust administrative remedies.

*Failure to State a Claim*

Breslow asserts claims of sex discrimination based on disparate treatment and hostile work environment under Title VII. To state a cause of action for sex discrimination under Title VII, a plaintiff must plead: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) nonmembers of the protected class were treated more favorably under circumstances giving rise to an inference of unlawful discrimination. *Id.* at 788 n.5, 791 (citations omitted).

Breslow has not alleged facts stating a cause of action for sex discrimination based on disparate treatment. She recites no facts regarding her qualifications for her position and how male employees were treated differently, let alone more favorably, by her employer. She baldly states that she suffered "systematic and routine discrimination in the proper and earned advancement in position and compensation," but does not identify any adverse employment actions. Her conclusory statements are insufficient. Thus, she has not stated a cause of action for sex discrimination.

To plead a hostile work environment claim under Title VII, Breslow must allege facts that show: (1) she suffered intentional discrimination because of her protected

---

9 Although we could grant State Street's motion to dismiss as uncontested under Local Rule 7.1(c), we shall consider the motion on the merits in light of Breslow's *pro se* status.

5

status; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of respondeat superior liability. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Mandel,* 706 F.3d at 167).

Without providing any factual support, Breslow merely concludes that an environment of sexual harassment existed at her work that made her feel "wholly unsafe." She does not allege any facts that show what the sexual harassment was and that it was severe or pervasive. There are no facts from which one could discern that it would have detrimentally affected a reasonable person in like circumstances. Even taken as true, these allegations fail to state a claim for sex discrimination under Title VII.

To state a cause of action for age discrimination, a plaintiff must allege each of the following elements: (1) she is forty years of age or older; (2) her employer took an adverse employment action against her; (3) she was qualified for her position; and (4) circumstances giving rise to an inference of discrimination such as being replaced by someone sufficiently younger. *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.,* 357 F.3d 366, 370 (3d Cir. 2004)). Breslow has alleged no facts that could establish these elements. She has not stated her age, her qualifications, the adverse employment action she suffered and facts suggesting age discrimination. Therefore, she fails to state a claim under the ADEA.

To state a claim for discrimination under the ADA, a plaintiff must allege: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) she has suffered an adverse employment decision as a product of the discrimination. *Twillie*

6

v. *Erie Sch. Dist.*, 575 F. App'x 28, 32 (3d Cir. 2014) (quoting *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir. 1999)). A person is disabled if she: (1) has a physical or mental impairment that substantially limits one or more major life activities; and (2) has a record of the impairment or is regarded as having such an impairment. *Williams v. Phila. Housing Auth. Police Dept.*, 380 F.3d 751, 762 (3d Cir. 2004) (citing 42 U.S.C. § 12102(1)).

Breslow conclusorily alleges that she is disabled, but provides no details about her disability. Although she alleges she suffers from breast cancer with brain and lung implications, she does not state how, if at all, her condition is disabling and limits any major life activities. At this stage, we assume her condition does satisfy the first element. But, her complaint still falls short. She does not allege that she was qualified and what adverse employment action she suffered. She only alleges her disability claim was "improperly handled" without providing details how. She has failed to state a claim under the ADA.

Breslow has not specified whether she is asserting an FMLA interference claim or a retaliation claim. To state an FMLA interference claim, the plaintiff must allege: (1) she was an eligible employee under the FMLA; (2) her employer was subject to the FMLA's requirements; (3) she was entitled to FMLA leave; (4) she gave notice to her employer of her intention to take FMLA leave; and (5) she was denied benefits to which she was entitled under the FMLA. *Clark v. Phila. Hous. Auth.*, 701 F. App'x 113, 117 (3d Cir. 2017) (quoting *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014) (citations omitted). To state an FMLA retaliation claim, a plaintiff must allege: (1) she took or sought FMLA leave; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally

7

related to her leave. *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 158–59 (3d Cir. 2015) (citing *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012)). Breslow has provided no facts that, if proven, would establish any of the elements of either claim.

Breslow similarly does not specify what kind of FLSA claim she seeks to assert. The FLSA regulates minimum wage and overtime requirements for exempt and non-exempt employees. *See generally* 29 U.S.C. §§ 201 *et seq.* If Breslow intended to assert a claim for overtime compensation, she had to allege: (1) she performed uncompensated overtime as a non-exempt employee; and (2) her employer had actual or constructive knowledge she did so. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 121, 128 (3d Cir. 2018). Breslow has not alleged that she earned and State Street failed to pay her minimum wage or overtime. Nor has she stated whether she is a non-exempt employee. She has not alleged facts necessary for stating a claim under the FLSA.

Lastly, Breslow's purported claim under the EEOA must be dismissed because the EEOA does not provide a private cause of action for discrimination. Rather, the EEOA amended Title VII to provide the EEOC with litigation authority and make governments subject to Title VII, among other changes. *See Occidental Life Ins. Co. of Cal. v. E.E.O.C.*, 432 U.S. 355, 359 (1977); *Allen v. United States*, 542 F.2d 176, 178 n.2 (3d Cir. 1976). *See generally* Pub. L. No. 92-261, 86 Stat. 103. Because the EEOA provides no basis for asserting discrimination claims separately from Title VII, the ADEA or the ADA, Breslow cannot bring an action under the EEOA.

Conclusion

Breslow has failed to exhaust administrative remedies with respect to her Title VII, ADEA and ADA claims. She has not alleged facts, which if proven, would establish the elements of a cause of action for discrimination under any of the cited statutes. Therefore, we shall grant the motion to dismiss.

The plaintiff will be granted leave to amend her complaint in an attempt to cure the deficiencies described in this Memorandum. If she does not do so within thirty days, this action will be dismissed.