**PIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONNA A. BRESLOW, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00212 |
| | : | |
| v. | : | |
| | : | |
| STATE STREET CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STATE STREET CORP.'S
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**PAGE**

I.     PROCEDURAL BACKGROUND.................................................................... 3

II.    AMENDED COMPLAINT ALLEGATIONS .................................................. 4

III.   ARGUMENT ................................................................................................... 6

      A.    Standard Of Review ........................................................................... 6

      B.    Mr. Breslow Does Not Have Standing To Pursue His Mother's Claims.............. 7

      C.    Ms. Breslow's Gender, Age, And Disability Discrimination Claims Should Be Dismissed With Prejudice As Untimely And Based On Other Deficiencies That No Amendment Can Cure ........................................................ 8

           1.    Mr. Breslow's July 23, 2020 EEOC Charge Is Untimely, And Thus, Ms. Breslow's Discrimination Claims Are Time-Barred ............... 8

           2.    Ms. Breslow Fails to State *Prima Facie* Claims For Age, Gender, and Disability Discrimination ................................................. 11

      D.    Ms. Breslow's FMLA Interference Claim Should Be Dismissed With Prejudice For Failure To State A Claim That Leave To Amend Cannot Cure.................................................................................... 13

      E.    Ms. Breslow Failed To Plead A Claim Under The FLSA, And Thus, Her FLSA Claim Should Be Dismissed With Prejudice ............................................ 16

      F.    The Court Should Dismiss Ms. Breslow's EEOA Claim With Prejudice Because The EEOA Does Not Provide An Independent Right Of Action To Sue For Discrimination.................................................................. 16

IV.   CONCLUSION.............................................................................................. 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................7, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................7

*Burlington Indus., Inc. v. Ellerth*,
   524 U.S. 742 (1998)................................................................13

*Burns v. Goldberg*,
   210 F.2d 646 (3d Cir. 1954).....................................................8

*Fleisher v. Standard Ins. Co.*,
   No. 10-2678, 2011 U.S. Dist. LEXIS 46756 (D.N.J. May 2, 2011)........8

*Ford v. Temple Hosp.*,
   790 F.2d 342 (3d Cir. 1986).....................................................11

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).....................................................7

*Garrison v. Town of Bethany Beach*,
   131 F. Supp. 2d 585 (D. Del. Mar. 2, 2001) ..............................11

*Gee v. CBS, Inc.*,
   471 F. Supp. 600 (E.D. Pa. Mar. 7, 1979) ................................8, 9

*Geraci v. Moody-Tottrup, Intern., Inc.*,
   82 F.3d 578 (3d Cir. 1996).......................................................14

*Hill v. Borough of Kutztown*,
   455 F.3d 225 (3d Cir. 2006).....................................................13

*Jones v. Sch. Dist.*,
   198 F.3d 403 (3d Cir. 1999).....................................................14

*Langley v. Merck & Co.*,
   186 F. App'x 258 (3d Cir. 2006) .............................................14

*Ross v. Gilhuly*,
   755 F.3d 185 (3d Cir. 2014).....................................................15, 16

*Rowe v. Morgan Stanley Dean Witter*,
   191 F.R.D. 398 (D.N.J. Dec. 20, 1999) ...................................................15

*Shaner v. Synthes*,
   204 F.3d 494 (3d Cir. 2000) .................................................................12

*Snyder v. Farnam Companies, Inc.*,
   792 F. Supp. 2d 712 (D.N.J. May 26, 2011) ..........................................15

*Sommer v. The Vanguard Grp.*,
   461 F.3d 397 (3d Cir. 2006) ............................................................15, 16

*Taylor v. Phoenixville Sch. Dist.*,
   184 F.3d 296 (3d Cir. 1999) .................................................................12

*Thompson v. General Elec. Co.*,
   81 Fed. Appx. 415 (3d Cir. 2003) .........................................................10

*Vurimindi v. Fuqua Sch. of Bus.*,
   No. 10-234, 2010 U.S. Dist. LEXIS 88094 (E.D. Pa. Aug. 19, 2010), *aff'd in
   part and vacated in part,* 435 Fed. Appx. 129 (3d Cir. 2011) ...................7

*Wanamaker v. Westport Bd. of Educ.*,
   899 F. Supp. 2d 193 (D. Conn. Sept. 25, 2012) ..............................15, 16

*Watson v. Eastman Kodak Co.*,
   235 F.3d 851 (3d Cir. 2000) .................................................................10

**Statutes**

20 Pa. Cons. Stat. Ann. § 3371 ..................................................................8

20 Pa. Cons. Stat. Ann. §§ 3372-3373 ......................................................8

42 Pa. Cons. Stat. Ann. § 8302 ..................................................................8

43 Pa. Cons. Stat. §§ 955(a), 959 ............................................................10

29 U.S.C. § 626(d)(2) ...............................................................................10

29 U.S.C. § 2612(a)(1)(D) .........................................................................15

29 U.S.C. § 2615(a)(1) ..............................................................................14

42 U.S.C. § 2000e-5(e)(1) ........................................................................10

42 U.S.C. § 12117(a) ................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................4, 5, 7

Federal Rule of Civil Procedure 17(a)(3) ........................................................................9

Defendant State Street Corporation[1] ("State Street") submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint of Plaintiff Donna A. Breslow ("Ms. Breslow"), in its entirety and with prejudice.  On January 13, 2020, Ms. Breslow filed a *pro se* Complaint purporting to allege violations of the (1) Equal Employment Opportunity Act of 1972, (2) Age Discrimination in Employment Act of 1967, (3) Americans with Disabilities Act of 1990, (4) Fair Labor Standards Act, (5) Family Medical Leave Act of 1993, and (6) Civil Rights Act of 1964 (ECF No. 1).  State Street moved to dismiss her Complaint for failure to state claims upon which relief may be granted (ECF No. 3), and subsequently, the Court granted State Street's Motion and gave Ms. Breslow thirty (30) days to file an amended complaint to correct the deficiencies in her original filing (ECF Nos. 5-6).  Ms. Breslow passed away on April 9, 2020, and now, her son and heir, Jordan Breslow purports to assert claims against State Street on her behalf in an Amended Complaint entered on July 21, 2020 (ECF No. 7).  State Street moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) with prejudice because (1) her son, Jordan Breslow, lacks standing to bring her claims, (2) her ADA, ADEA, and Title VII claims are time-barred, and (3) for failure to state claims upon which relief may be granted.

## I.     PROCEDURAL BACKGROUND

Ms. Breslow filed her *pro se* Complaint on January 13, 2020 (ECF No. 1).  On February 19, 2020, State Street received service of the summons and timely responded on March 11, 2020 by moving to dismiss her Complaint for failure to state claims upon which relief may be granted (ECF No. 3).  On June 30, 2020, the Court granted State Street's Motion (ECF No. 5).  In its Order and accompanying memorandum, the Court dismissed Ms. Breslow's Equal Employment

---

[1] State Street Corporation was not Ms. Breslow's employer.  Ms. Breslow was employed by State Street Bank & Trust Co., a wholly-owned subsidiary of State Street Corporation.

Opportunity Act of 1972 ("EEOA") claim because the EEOA does not provide a private cause of action for discrimination, and thus, she cannot assert a claim under the EEOA (*Id.* at p. 8).  As to her other five claims, the Court gave Ms. Breslow thirty (30) days to file an amended complaint to correct the deficiencies in her original filing (ECF Nos. 5-6).

Before the Court issued its decision, Ms. Breslow passed away on April 9, 2020.  (*See* ECF No. 7 at p. 4).  Now, Jordan Breslow, as Ms. Breslow's "son and heir," purports to take her case forward and assert claims against State Street on her behalf in an Amended Complaint entered on July 21, 2020.[2]  State Street moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) with prejudice.

## II.    AMENDED COMPLAINT ALLEGATIONS[3]

In the Amended Complaint, Mr. Breslow, purportedly on behalf of his late mother "[a]s her son and heir," attempts to assert claims for damages under four (4) Federal statutes: (1) the Civil Rights Act of 1964 ("Title VII"), (2) Age Discrimination in Employment Act of 1967 ("ADEA"), (3) Americans with Disabilities Act of 1990 ("ADA"), and (4) Family Medical Leave Act of 1993 ("FMLA") (ECF No. 7 at pp. 1-3).  It appears that Ms. Breslow, ostensibly through her son, is no longer asserting claims under the Fair Labor Standards Act ("FLSA") and the EEOA (*id.*), but regardless, State Street analyzes those claims herein because they were dismissed without prejudice in the Court's June 30, 2020 Memorandum and Order (ECF Nos. 5-6).  Regarding her gender discrimination claim, Mr. Breslow alleges "[m]en and/or **younger women** was [sic] less

---

[2] Based on the Court's docket, Mr. Breslow filed the Amended Complaint on July 15, 2020, but State Street did not receive a copy of the Amended Complaint until it was entered on the docket on July 21, 2020.  *See* Docket for Case No. 2:20-cv-00212-TJS.

[3] While the Court accepts as true factual allegations set forth in the Amended Complaint for the purposes of this Motion to Dismiss, State Street denies all liability and reserve all denials and defenses.

merit were promoted" (*id*. at pp. 1-2) (emphasis added).  Concerning FMLA interference, Mr. Breslow alleges his mother was "entitled to leave and as medical documents attached show, **greater leave**" (*id*. at p. 3) (emphasis added).  He further claims that "State Street pushed her off leave to Long Term Disability and COBRA as a cost-cutting measure.  Her own doctor argued her position should be saved for a little while longer" (*id*.).

One of the documents attached to the Amended Complaint is the Commonwealth of Pennsylvania's Certification of Death for Ms. Breslow (*id.* at p. 4).  That Certification states Ms. Breslow was 59 years of age at the time of her passing (ECF No. 7 at p. 4, block 5a).  It also lists her marital status at time of death in block 10 as "married," not widowed, and her surviving spouse's name is Jonathan Breslow (*id.* at p. 4, blocks 10-11).

After filing the Amended Complaint, Mr. Breslow supplemented the pleading by filing (1) photos of his mother, (2) an EEOC charge he filed, and (3) an EEOC Notice of Right to Sue letter (ECF Nos. 8-10).  On July 23, 2020, Mr. Breslow filed EEOC Charge No. 530-2020-04631, on behalf of his late mother against State Street, alleging his mother was subjected to age, disability and gender discrimination from May 1, 1998 until September 4, 2019 (ECF 9 at p. 2) (noting the individual listed in the "name" block is "Mr. Jordan Breslow," not his mother, and his address and date of birth are listed, not hers).  In the Charge, he states the latest discriminatory act occurred on September 4, 2019, when his mother's employment was terminated (*Id.*).  On July 24, 2020, the EEOC issued a Notice of Right to Sue letter for Charge No. 530-2020-04631 (ECF No. 10).

State Street accepts the allegations in the Amended Complaint as true for the purposes of this Motion only.  Even when accepting all of factual allegations as true, however, Ms. Breslow, through her son, has failed to state claims upon which relief can be granted, her discrimination claims are untimely, and her son lacks standing to pursue claims on her behalf.  For these reasons,

State Street respectfully requests the Court dismiss the Amended Complaint with prejudice.

## III.    ARGUMENT

### A.    Standard Of Review

Rule 12(b)(6) authorizes a motion to dismiss if the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. This is because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

In the aftermath of *Twombly* and *Iqbal*, courts reviewing a motion to dismiss follow a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). First, a court should disregard legal conclusions in the complaint: "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678; *see also Vurimindi v. Fuqua Sch. of Bus.*, No. 10-234, 2010 U.S. Dist. LEXIS 88094, at *17 (E.D. Pa. Aug. 19, 2010), *aff'd in part and vacated in part,* 435 Fed. Appx. 129 (3d Cir. 2011) (noting the Court need not accept as true a plaintiff's "unsupported conclusions and unwarranted inferences," "bald assertions," or "legal conclusions") (internal citations omitted). Second, the Court must draw on its "judicial experience and common sense" to analyze the actual facts pled in the complaint to determine whether a claim for relief is plausible. *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (citations omitted).

If the complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and does not raise

more than a "sheer possibility that a defendant has acted unlawfully," it warrants dismissal. *Iqbal*, 556 U.S. at 678.  In other words, "[a] complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible." *Fleisher v. Standard Ins. Co.*, No. 10-2678, 2011 U.S. Dist. LEXIS 46756, at *11 (D.N.J. May 2, 2011).  Applying this standard to the allegations at issue demonstrates the Amended Complaint should be dismissed in its entirety with prejudice because Mr. Breslow cannot cure the deficiencies discussed herein.

### B.    Mr. Breslow Does Not Have Standing To Pursue His Mother's Claims

As a threshold matter, Mr. Breslow, as his deceased mother's "son and heir," lacks standing under Pennsylvania law to pursue her claims (ECF No. 7 at p. 1).  Pennsylvania's survival statute states that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or the defendant." *See* 42 Pa. Cons. Stat. Ann. § 8302; 20 Pa. Cons. Stat. Ann. § 3371.  However, the survival statute contains a crucial limitation that only allows the personal representative of a decedent or the executor or administrator of the decedent's estate to sue on the decedent's behalf.  *See* 20 Pa. Cons. Stat. Ann. §§ 3372-3373; s*ee also Gee v. CBS, Inc.*, 471 F. Supp. 600, 615-616 (E.D. Pa. Mar. 7, 1979); *Burns v. Goldberg*, 210 F.2d 646, 650 (3d Cir. 1954).  In *Gee*, for example, the court explained Pennsylvania's statutory requirement that "a surviving cause of action must be brought by [a] decedent's administrator or executor is not a hollow formality.  On the contrary, it is the vehicle for insuring that a decedent's assets are fairly and equitably distributed among heirs and creditors." *See Gee*, 471 F. Supp. at 616.  There, the court enforced the statutory requirement that only the personal representative of a decedent could sue on his or her behalf, even over the requests of the plaintiffs, including the decedent's adopted son. *See id.* at 616-617.

Here, as in *Gee*, an heir of the decedent is trying to pursue the decedent's claims without providing any proof that he is her personal representative or executor.  (*See generally* ECF No. 7).

Based on Ms. Breslow's Certification of Death attached to the Amended Complaint (ECF No. 7 at p. 4), it seems unlikely Jordan Breslow, her son, would be either her executor or personal representative because the Certification lists Ms. Breslow's marital status at time of death in block 10 as "married," not widowed, and her surviving spouse's name is Jonathan Breslow (*Id.* at p. 4, blocks 10-11).   More likely than not, Jonathan Breslow, not Jordan Breslow, is the late Ms. Breslow's personal representation.  Regardless, Jordan Breslow has presented no proof he is either the personal representative or the executor of his mother's estate, and instead, he attempts to pursue her claims solely as her "son and heir" (ECF No. 7 at p. 1), which is insufficient under Pennsylvania law.  As a result, he lacks standing to pursue her claims.

While Federal Rule of Civil Procedure 17(a)(3) prohibits dismissal of an action solely on grounds that the real party in interest is not a party to the action, dismissal with prejudice, rather than leave to amend, is appropriate here because Ms. Breslow has failed to state any actionable claims and her ADA, ADEA, and Title VII claims are untimely.  *See Gee*, 471 F. Supp. at 617 (dismissing the case – despite Rule 17(a) – because plaintiffs' 1981 claim was time-barred).  As a result, State Street respectfully requests the Court dismiss Ms. Breslow's Amended Complaint with prejudice because any amendment is futile.

### C.    Ms. Breslow's Gender, Age, And Disability Discrimination Claims Should Be Dismissed With Prejudice As Untimely And Based On Other Deficiencies That No Amendment Can Cure

#### 1.    Mr. Breslow's July 23, 2020 EEOC Charge Is Untimely, And Thus, Ms. Breslow's Discrimination Claims Are Time-Barred

Ms. Breslow's discrimination claims under the ADA, ADEA, and Title VII are barred under the statute of limitations because she did not file an administrative charge with the EEOC within 300 days of the last discriminatory event.  To sue in federal court under Title VII, the ADEA, and the ADA, a plaintiff must first file a charge with the EEOC detailing the discrimination

allegations.  *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(2) (ADEA); 42 U.S.C. § 12117(a) (ADA).  Plaintiffs who file in deferral states, such as Pennsylvania, must file their administrative discrimination charges within 300 days of the discriminatory conduct or challenged employment action.  *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2), 42 U.S.C. § 12117(a) (ADA provision adopting Title VII's powers, remedies, and procedures); *see also Watson v. Eastman Kodak Co.*, 235 F.3d 851, 852, 854 (3d Cir. 2000) (noting "[i]t is undisputed that Pennsylvania is a deferral state" under 43 Pa. Cons. Stat. §§ 955(a), 959).

Here, Mr. Breslow filed EEOC Charge No. 530-2020-04631 on July 23, 2020, against State Street, alleging his mother was subjected to age, disability, and gender discrimination from May 1, 1998 until September 4, 2019 (ECF 9 at p. 2).  In the Charge, Mr. Breslow stated that the latest discriminatory act occurred on September 4, 2019, and his mother's employment was terminated "on or around September 4, 2019" (*id.*).  Based on the information alleged in the Charge, the latest possible date that a timely charge could have been filed with the EEOC was June 30, 2020, which is 300 days after September 4, 2019.  No charge, however, was filed within 300 days of the last discriminatory act, and therefore, Ms. Breslow's disability, gender, and age discrimination claims are time-barred and must be dismissed.  *See Watson*, 235 F.3d at 857 (finding plaintiff's discrimination claims untimely because he filed his age and race discrimination charge over 300 days after his termination and upholding the district court's dismissal of his claims); *Thompson v. General Elec. Co.*, 81 Fed. Appx. 415, 417 (3d Cir. 2003) (holding the district court properly dismissed plaintiff's ADA and Title VII claims as time-barred because plaintiff failed to file her claims within 300 days of the last discriminatory act).

While it is possible that the statute of limitations applicable to ADA, ADEA, and Title VII claims may be subject to equitable tolling or equitable estoppel under certain circumstances, no

facts are asserted within the Amended Complaint to support such circumstances here.  Other courts have found equitable tolling and equitable estoppel did not apply in cases involving similar discrimination claims, and instead, dismissed those cases on timeliness grounds.  *See Garrison v. Town of Bethany Beach*, 131 F. Supp. 2d 585, 592 (D. Del. Mar. 2, 2001) (finding circumstances did not justify equitable tolling where plaintiff had not diligently pursued his claim); *Ford v. Temple Hosp.*, 790 F.2d 342, 350 (3d Cir. 1986) (explaining that only "extraordinary circumstances" can justify equitable tolling).  In *Nosal v. Kroger Company Foundation, et al.*, for example, the court faced similar questions of timeliness, lack of standing, and estoppel.  *See* Case No. 18-cv-479, 2017 WL 1924257 (W.D. Wis. April 30, 2019).   There, the decedent was murdered by a coworker and her father sued her employer and its corporate affiliates alleging defendants violated Title VII by failing to take adequate measures to protect his daughter from sexual harassment.  *See id*.  In *Nosal*, the decedent's father filed an EEOC charge after his daughter's death and defendants argued the charge was untimely.  *See id.* at *2.  The court found the latest possible date of discrimination was the day that the decedent was murdered and the decedent's father waited until 752 days later to file an administrative charge.  *See id.*  The court examined both equitable tolling and equitable estoppel, yet found neither applied and dismissed Nosal's complaint as untimely.  *See id.* at *3-4.

Here, the evidence shows that on January 13, 2020, Ms. Breslow filed her Complaint, and on March 11, 2020, State Street moved to dismiss it (*see* ECF Nos. 1, 3).  One basis for dismissal that State Street articulated was Ms. Breslow's failure to exhaust her administrative remedies (*see* ECF No. 3 at p. 8).  State Street's March 11, 2020 Motion put Ms. Breslow and her estate on notice she needed to exhaust her administrative remedies.  As a result, any argument by Mr. Breslow that equitable estoppel is appropriate falls flat.  *See, e.g. Nosal*, 2017 WL 1924257 at *4.  Instead of

filing an administrative charge, which would have been timely in March 2020, however, Ms. Breslow and her estate waited over four (4) months – and until almost a month after the Court granted State Street's Motion – to pursue an administrative charge.  Although Mr. Breslow may argue he was grief-stricken and equitable tolling should apply, "grief is not a ground for equitable tolling under the law." *See Nosal*, 2017 WL 1924257 at *3 (citing cases).  For these reasons, State Street respectfully requests the Court dismiss with prejudice Ms. Breslow's ADA, ADEA, and Title VII claims as untimely.

2. **Ms. Breslow Fails to State *Prima Facie* Claims For Age, Gender, and Disability Discrimination[4]**

a. **Ms. Breslow Inadequately Pled A Disability Discrimination Claim Pursuant To The ADA, And It Should Be Dismissed With Prejudice**

To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation by her employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination.  *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

Ms. Breslow fails to articulate a *prima facie* case of disability discrimination because it is unclear from the Amended Complaint she (1) was qualified to perform the essential functions of her position with or without accommodation, and (2) suffered an adverse employment action.  The Amended Complaint describes the "serious effects" of Ms. Breslow's disability and explains it

---

[4] On the face of the Amended Complaint, it appears Ms. Breslow has asserted a hostile work environment claim based on gender.  Nevertheless, that claim should be dismissed with prejudice because it is barred by the statute of limitations as a result of the untimely filing of Ms. Breslow's EEOC Charge.  Further, Mr. Breslow lacks standing to bring that claim.

affected her cognitively and physically (ECF No. 7 at p. 1).  Based on the express language of the Amended Complaint and the reasonable accommodation request attached thereto (ECF No. 7 at pp. 8-9) (requesting shorter work days and work from home based on patient function for six to twelve months), it is unclear Ms. Breslow could perform the essential functions of her job with accommodation.  Also no specific adverse action is alleged in the Amended Complaint, so State Street cannot tell what purported discriminatory action is at issue.  On its face, Ms. Breslow's Amended Complaint fails to state an actionable claim for disability discrimination, and thus, her ADA claim should be dismissed.

                  **b.**     **Ms. Breslow Failed To Adequately Plead An ADEA Claim, And Thus, The Court Should Dismiss That Claim**

To state a claim for age discrimination under the ADEA, a plaintiff must allege (1) she is over forty (40) years of age, (2) she is qualified for the position in question, (3) she suffered from an adverse employment decision, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006).  While Ms. Breslow attempted to cure her ADEA claim in the Amended Complaint by stating her age and qualifications, she failed to assert the last two necessary elements to establish a *prima facie* age discrimination claim.  Specifically, her Amended Complaint fails to provide (1) an explanation of the alleged adverse employment decision she suffered, and (2) any information about her replacement, if applicable.

Ms. Breslow states, "[n]o Senior Woman Assistant Vice President in the Berwyn location as of separation," but Ms. Breslow's Amended Complaint and her Certification of Death establish she was an Assistant Vice President at that location before her separation (ECF No. 7 at p. 2; p. 4 at block 22a).  An adverse employment action is a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a

decision causing significant changes in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).   Ms. Breslow's statement in her Amended Complaint fails to state an adverse action. She further alleges that "[m]any duties were being reassigned to younger employees, who to add insult to injury Donna Breslow was required to assist in training" (ECF No. 7 at p. 3).   However, minor actions "are generally insufficient to constitute adverse employment actions." *Langley v. Merck & Co.,* 186 F. App'x 258, 260-261 (3d Cir. 2006).   Here, Ms. Breslow maintained the same duty title, pay, benefits, and terms of employment, and failed to allege how any reassignment of job duties had any tangible impact on her employment.   Since Ms. Breslow failed to plead two elements of an ADEA claim, the Court should dismiss her alleged ADEA violation for failure to state a claim upon which relief may be granted.

### c.      Ms. Breslow Inadequately Pled A Gender Discrimination Claim And It Should Be Dismissed With Prejudice

To make out a *prima facie* case of gender discrimination under Title VII, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she suffered some adverse employment action; (3) at the time of the adverse employment action, her job performance met her employer's legitimate expectations; and (4) others who were similarly situated to her and not within her protected class were treated more favorably.   *Geraci v. Moody-Tottrup, Intern., Inc.*, 82 F.3d 578, 581 (3d Cir. 1996); *Jones v. Sch. Dist.*, 198 F.3d 403, 410 (3d Cir. 1999).   When describing her gender discrimination claim, the Amended Complaint alleges that "younger women was [sic] less merit were promoted" (ECF No. 7 at p. 2).   On the face of her Amended Complainant, Ms. Breslow admitted that members of her protected class received favorable treatment, and thus, she cannot establish a *prima facie* gender discrimination claim and the claim should be dismissed.

### D.      Ms. Breslow's FMLA Interference Claim Should Be Dismissed With Prejudice For Failure To State A Claim That Leave To Amend Cannot Cure

Under the FMLA, it is unlawful for "an employer to interfere with, restrain, or deny the

exercise of or any attempt to exercise" rights afforded by the Act. *See* 29 U.S.C. § 2615(a)(1). To establish an inference claim, a plaintiff must establish (1) she was an eligible employee under the FMLA, (2) the defendant was an employer subject to the FMLA's requirements, (3) the plaintiff was entitled to FMLA leave, (4) the plaintiff gave notice to the defendant of her intention to take FMLA leave, and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. *See Ross v. Gilhuly*, 755 F.3d 185, 191-192 (3d Cir. 2014); *Sommer v. The Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006) (noting that an interference claim requires an employee to show not only that she was entitled to FMLA benefits, but that she was *denied those benefits*). Under the FMLA, an eligible employee is entitled to "a total of 12 workweeks of leave during any 12-month period" for a serious health condition, among other reasons. *See* 29 U.S.C. § 2612(a)(1)(D).

Here, the evidence shows that Ms. Breslow was entitled to receive 12 weeks of FMLA leave and ***she received 12 weeks of FMLA leave***. On June 12, 2019, Elizabeth Novellano, State Street Global Human Resources Representative, sent a letter to Ms. Breslow that included State Street's Reasonable Accommodation Request Form. *See* Exhibit A.[5] The reasonable accommodation form that State Street attached to the June 12, 2019 letter was incorporated in Ms.

---

[5] Courts routinely consider extrinsic documents integral to the complaint that are not attached or cited in a complaint or amended complaint where the authentic of the extrinsic documents are not at issue. *See Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 717 (D.N.J. May 26, 2011) (holding that on a motion to dismiss for failure to state a claim, a court may rely on documents whose contents are alleged in the complaint and whose authenticity no party questions, but which is not physically attached to the pleading.); *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 405-406 (D.N.J. Dec. 20, 1999) (finding that the failure of the plaintiff to attach or cite documents explicitly relied upon or integral to the complaint does not preclude the court on a motion to dismiss for failure to state a claim from reviewing the text of extrinsic documents without converting the motion to dismiss into a motion for summary judgment); *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 199-200 (D. Conn. Sept. 25, 2012) (considering defendant's written response to plaintiff's request for pregnancy leave without converting defendant's motion to dismiss plaintiff's FMLA, ADA, and CFEPA claims into a motion for summary judgment because even though the letter had not been attached to the complaint, both sides had knowledge of it and had relied on it).

Breslow's Amended Complaint (ECF No. 7 at pp. 8-9), and thus, Ms. Breslow was aware of State Street's June 12, 2019 letter. *See Wanamaker*, 899 F. Supp. 2d at 199-200 (noting the court considered FMLA correspondence attached to defendant's motion to dismiss because both sides had knowledge of the correspondence). In the June 12, 2019 correspondence, Ms. Novellano informed Ms. Breslow that, "[t]his letter serves as follow-up to your current disability leave. Your 12 weeks of job-protected leave under the Family and Medical Leave Act (FMLA) has expired." *See* Exhibit A. The letter proves that Ms. Breslow received and used 12 weeks of FMLA leave. That letter further advised Ms. Breslow she may have been eligible for an additional period of leave as a reasonable accommodation, not FMLA, and she was approved for long-term disability benefits. *See id.* Approximately three months later on September 4, 2019, Ms. Breslow was terminated (*see* ECF 9, p. 2). Since Ms. Breslow used her FMLA leave entitlement by June 2019 and she had not worked an additional 12 months, she was not entitled to another 12-week FMLA leave prior to her termination. Ms. Breslow cannot articulate a claim for FMLA interference because the evidence shows State Street granted her 12 weeks of FMLA leave and she used it. *See generally Ross*, 755 F.3d 185; *Sommer*, 461 F.3d 397.

On the face of her Amended Complaint, it appears that Ms. Breslow, through her son, is seeking "***greater leave***," a term Mr. Breslow refers to twice while attempting to assert a purported FMLA interference claim (ECF No. 7 at p. 3, ¶¶ 3; 5). Mr. Breslow further alleges in the Amended Complaint that "State Street pushed [his mother] off leave to Long Term Disability and COBRA as a cost-cutting measure. Her own doctor argued her position should be saved for a little while longer" (*id*. at p. 3, ¶ 5). Ms. Breslow's claim for "greater leave," meaning leave beyond the 12 weeks of FMLA leave she received, does not establish a *prima facie* case of FMLA interference. On the contrary, it definitively shows that State Street did not interfere with Ms. Breslow's rights

under FMLA.  For these reasons, this Court should dismiss with prejudice Ms. Breslow's alleged

FMLA interference claim for failure to state a claim that no amendment can cure.

E.     **Ms. Breslow Failed To Plead A Claim Under The FLSA, And Thus, Her FLSA Claim Should Be Dismissed With Prejudice**

Ms. Breslow cited the FLSA as a basis for her Complaint, but failed to allege any facts that

would establish a *prima facie* FLSA claim (ECF No. 1).  Then the Court dismissed that claim

without prejudice to give her an opportunity to properly assert the claim within thirty (30) days

(ECF Nos. 5-6).  Ms. Breslow's Amended Complaint makes no reference to the FLSA and does

not include any of the requisite facts necessary to establish a *prima facie* FLSA case because (1)

she has not alleged that State Street failed to pay her minimum wage or overtime, and (2) she not

stated whether she is an exempt or non-exempt employee.  It appears from the face of the Amended

Complaint that Ms. Breslow, through her son, has abandoned her purported FLSA claim.  Because

of Ms. Breslow's failure to plead any facts that would establish a *prima facie* FLSA claim after

receiving an opportunity to cure the deficiencies in her Complaint, State Street respectfully

requests the Court dismiss her alleged FLSA claim with prejudice.

F.     **The Court Should Dismiss Ms. Breslow's EEOA Claim With Prejudice Because The EEOA Does Not Provide An Independent Right Of Action To Sue For Discrimination**

In its June 30, 2020 Memorandum, the Court dismissed Ms. Breslow's purported EEOA

claim because the EEOA does not provide a private right of action (ECF No. 5 at p. 8) (noting in

ECF No. 6 that all of Ms. Breslow's claims were dismissed without prejudice to allow leave to

amend).  The Court further stated that "Breslow cannot bring an action under the EEOA" because

it "provides no basis for asserting discrimination claims separately from Title VII, the ADEA, or

the ADA" (*id.*).  In the Amended Complaint, no EEOA claim is mentioned, and thus, it appears

Mr. Breslow is no longer asserting that claim on his mother's behalf.  To the extent that either Ms.

Breslow is continuing to assert an EEOA claim or the Court dismissed the claim without prejudice, State Street respectfully requests the Court dismiss the purported EEOA with prejudice because the EEOA provides no private right of action, and thus, any opportunity to cure would prove futile in that Ms. Breslow cannot state an actionable EEOA claim.

## IV. CONCLUSION

For the foregoing reasons, State Street respectfully requests that the Court dismiss Ms. Breslow's Amended Complaint with prejudice and without an opportunity to further amend her pleading because any amendment would be futile based on the defects discussed herein.

*/s/ Wendy S. Buckingham*
Wendy S. Buckingham (PA #320259)
**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t) / 267.402.3131 (f)
wbuckingham@littler.com

*Attorneys for Defendant*
Dated:  August 4, 2020                                          *State Street Corp.*