# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA A. BRESLOW | : | CIVIL ACTION |
| v. | : | |
| STATE STREET CORP. | : | NO. 20-212 |

## MEMORANDUM

**Savage, J.**                                                                                         November 5, 2020

Following the death of plaintiff Donna Breslow, her son, Jordan Breslow, filed a *pro se* amended complaint. He purports to assert claims against his late mother's employer, State Street Corporation, for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Americans with Disability Act ("ADA"), and a claim for interference under the Family Medical Leave Act ("FMLA"). Moving to dismiss the amended complaint, State Street argues that Jordan lacks standing to prosecute the action.[1] It also contends he has failed to state claims under Title VII, the ADEA, the ADA and the FMLA.[2] Lastly, it argues the Title VII, ADEA and ADA claims are time-barred.[3]

We conclude that Jordan Breslow lacks standing to continue litigating this action. Even if he had standing, he has failed to state a claim for FMLA interference, and the remaining claims for sex, age and disability discrimination are time-barred. Therefore, we shall dismiss the amended complaint.

---

[1] Def.'s Mot. to Dism. Am. Compl. at 8-9 (ECF No. 11).

[2] *Id.* at 12-17.

[3] *Id.* at 9-12.

1

**Background**

On January 13, 2020, Donna Breslow commenced this action *pro se* against State Street[4] under Title VII, the ADEA, the ADA, the FMLA, the Fair Labor Standards Act ("FLSA") and the Equal Employment Opportunity Act ("EEOA").[5] On March 11, 2020, State Street moved to dismiss for failure to exhaust administrative remedies before the Equal Employment Opportunity Commission ("EEOC") and failure to state claims under the cited statutes.[6] On June 30, 2020, we dismissed Donna's complaint without prejudice and allowed her to amend the complaint to cure the defects.[7] In the meantime, on April 9, 2020, Donna died.[8]

Jordan, who describes himself as her "son and heir," filed an amended complaint on her behalf on July 15, 2020.[9] In it, he alleges that State Street discriminated against his mother in violation of Title VII, the ADEA and the ADA.[10] He also alleges that although Donna was entitled to FMLA leave and "greater leave," State Street "pushed her off leave to Long Term Disability and COBRA as a cost-cutting measure," showing "[c]lear FMLA non-compliance[.]"[11] He did not reassert a claim under the FLSA or the EEOA.

---

[4] Donna brought this action against "State Street Corporation." State Street has clarified in its motion to dismiss that it was not Donna's employer. Donna was employed by State Street Bank & Trust Co., a wholly-owned subsidiary of State Street. Def.'s Mot. to Dism. Am. Compl. at 4.

[5] Pl.'s Compl. (ECF No. 1).

[6] Def.'s Mot. to Dism. Compl. at 4-9 (ECF No. 3).

[7] June 30, 2020 Opinion and Order (ECF Nos. 5-6).

[8] Pl.'s Am. Compl. Ex. 1 (ECF No. 7).

[9] Pl.'s Am. Compl. at 1.

[10] *Id.* at 1-3.

[11] *Id.* at 3.

After filing the amended complaint, Jordan filed a charge of discrimination with the EEOC on July 23, 2020.[12] He received a right-to-sue letter the following day.[13]

## Discussion

*Survival of Title VII, ADEA, ADA and FMLA Claims*

Where a federal statute is silent on whether an action created by the statute survives the death of a plaintiff, federal common law governs. *Confederation Life Ins. Co. v. Goodman*, 842 F. Supp. 836, 837 (E.D. Pa. 1994) (citing *Carlson v. Green*, 446 U.S. 14, 23 (1980)). Under federal common law, claims that are remedial in nature survive. *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 109 (3d Cir. 2017) (citations omitted). Penal claims do not. *Id.*

Title VII, the ADEA, the ADA and the FMLA are silent on the issue of survivability. Claims for compensatory damages under Title VII, the ADEA and the ADA are remedial and survive the plaintiff's death. *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 703 (D.N.J. 1996); *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996) (citations omitted). FMLA claims for liquidated damages also survive. *See Schonewolf v. Waste Mgmt., Inc.*, No. 17-3745, 2018 WL 1381133, at *5 (E.D. Pa. Mar. 19, 2018) (concluding that Congress intended for liquidated damages to be compensatory and remedial under the FMLA because aggrieved persons are automatically entitled to liquidated damages for FMLA violations).

Construing the allegations in the light most favorable to Jordan, we assume he is asserting claims for compensatory damages under Title VII, the ADEA and the ADA, and

---

[12] Pl.'s Am. Compl. Ex. 9 at 2 (ECF No. 9).

[13] Pl.'s Am. Compl. Ex. 10 at 1 (ECF No. 10).

compensatory or liquidated damages under the FMLA. Thus, the claims survive Donna's death.

*Standing*

Having concluded that the claims survive, we must determine whether Jordan can continue to litigate them. "An action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). If the real party in interest dies, the executor or administrator of her estate may prosecute the action on her behalf. FED. R. CIV. P. 17(a)(1)(A)-(B). The "personal representative" of a decedent's estate in Pennsylvania is "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." PA. R. CIV. P. 2201. To qualify, one must petition for a grant of letters testamentary or letters of administration. 20 Pa. C.S. §§ 3153, 3155. When there is a will, it must be probated and the executor appointed by the Register of Wills. 20 Pa. C.S. § 3155(a). When there is no will, letters of administration are granted by the Register to the heir in the order of priority outlined in 20 Pa. C.S. § 3155(b).

Jordan alleges merely that he is Donna's "son and heir." Neither in the amended complaint nor in his response to State Street's motion to dismiss does he allege that he is Donna's duly appointed personal representative. He does not appear to be qualified to serve as the appointed representative. He does not allege that there was a will naming him as executor. Jonathan Breslow is listed on Donna's death certificate as her surviving husband. Under Pennsylvania intestate law, unless Jonathan renounces his right to serve as the personal representative, Jordan cannot be appointed. *See* 20 Pa. C.S. § 3155(b)(2). Thus, because he is not the appointed representative of Donna's estate, Jordan lacks standing to pursue her claims.

4

An action may not be dismissed simply because the real party in interest is not a party to the action without first allowing the real party in interest an opportunity to ratify, join or be substituted in the action. FED. R. CIV. P. 17(a)(3); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 617 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Nonetheless, even if Jordan is appointed representative of his mother's estate, the amended complaint cannot survive State Street's motion to dismiss. The amended complaint does not allege facts setting forth an FMLA cause of action and the remaining claims are time-barred.

*Failure to State a Claim*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n. 8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. Then, we determine whether the alleged facts, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-

11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in the amended complaint and draw all possible inferences from those facts in the plaintiff's favor.

In deciding a motion to dismiss, courts generally consider only the allegations of the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 687 (1994). Courts may consider documents incorporated by reference in the complaint. *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004). However, courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. Courts may do so because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice . . . and has relied upon [those] documents in framing the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks, alteration, and citation omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."

6

*Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (citing *Goodwin v. Elkins & Co.,* 730 F.2d 99, 113 (3d Cir. 1984)). Courts may consider these documents without having to convert the motion to one for summary judgment. *Id.*

Applying this standard, we conclude Jordan has not stated a cause of action for FMLA interference based on a denial of benefits. Under the FMLA, an eligible employee is entitled to "a total of 12 workweeks of leave during any 12-month period" for various reasons enumerated in the statute. 29 U.S.C. § 2612(a)(1). To state an FMLA interference claim, the plaintiff must allege: (1) she was an eligible employee under the FMLA; (2) her employer was subject to the FMLA's requirements; (3) she was entitled to FMLA leave; (4) she gave notice to her employer of her intention to take FMLA leave; and (5) she was denied benefits to which she was entitled under the FMLA. *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014).

Jordan alleges in the amended complaint that Donna was "an eligible employee under the FMLA," State Street "is subject to the FMLA" and Donna was "entitled to leave."[14] These allegations are sufficient to satisfy the first three elements of an FMLA interference claim. However, Jordan has not alleged facts showing that Donna was denied FMLA benefits. Jordan claims that State Street "pushed her off leave" and that she was entitled to "greater leave."[15]

On the contrary, his allegations and the document on which his allegations rely demonstrate that Donna received full FMLA benefits and then received long-term

---

[14] Pl.'s Am. Compl. at 3.

[15] *Id.*

7

disability benefits.[16] The letter dated June 12, 2019 State Street submitted and upon which Jordan relies, states that she had received 12 weeks of FMLA leave,[17] the maximum amount to which she was entitled. 29 U.S.C. § 2612(a)(1)(D). The letter advised Donna that her FMLA leave had expired, her long-term disability benefits were approved and she had the option of applying for additional leave as a reasonable accommodation under the ADA.[18] It also referenced and enclosed State Street's reasonable accommodation request form, which Donna and her physician completed and which Jordan submitted as an exhibit to the amended complaint.[19] Though Jordan did not submit this letter as an exhibit with the amended complaint, his allegation that State Street "pushed [Donna] off leave to Long Term Disability and COBRA" relies on it.[20]

Jordan has not alleged facts demonstrating that Donna was entitled to more leave beyond the 12 weeks she had already received before being placed on long-term disability. Therefore, the amended complaint fails to state a claim for FMLA interference.

*Statute of Limitations*

Before bringing suit in federal court asserting Title VII, ADEA or ADA claims, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory act.[21] *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109–10 (2002);

---

[16] Def.'s Mot. to Dism. Am. Compl. Ex. A.

[17] *Id.*

[18] *Id.*

[19] *Id.*; Pl.'s Am. Compl. at 3.

[20] Pl.'s Am. Compl. at 3. Jordan has not disputed the authenticity of this letter. Therefore, we may consider it when ruling on State Street's motion to dismiss. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.

[21] A plaintiff must ordinarily file a charge with the EEOC within 180 days of the discriminatory act. 42 U.S.C. § 2000e–5(e)(1). However, in jurisdictions where there is a parallel state administrative entity for

*Williams v. Penn. Human Relations Comm'n*, 870 F.3d 294, 298 (3d Cir. 2017); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). If the plaintiff fails to administratively exhaust her claims within the requisite time period, the claims are barred. *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010), *as amended* (Oct. 18, 2010).

A statute of limitations is an affirmative defense that must be pled in a responsive pleading. FED. R. CIV. P. 8(c)(1); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Nevertheless, a statute of limitations defense may be raised in a motion under Rule 12(b)(6) where the expiration of the limitations period appears on the face of the complaint. *Wisniewski*, 857 F.3d at 157; *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); *Raffinee v. Colvin*, 367 F. App'x. 379, 380 (3d Cir. 2010) (affirming dismissal under Rule 12(b)(6) of Social Security complaint for judicial review as time-barred).

In his EEOC charge, Jordan alleges that the discriminatory acts occurred from May 1998 until Donna's termination on or around September 4, 2019.[22] Though he checked the box on the EEOC charge indicating the alleged discrimination was a "continuing action,"[23] he has not provided any facts from which one could infer a continuing violation occurred after Donna's termination in September 2019. "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable

---

investigating complaints of discrimination, such as Pennsylvania, a plaintiff has 300 days to file. *See Watson v. Eastman Kodak Co.,* 235 F.3d 851, 854 (3d Cir. 2000); 29 CFR § 1601.74(a).

[22] Pl.'s Am. Compl. Ex. 9 at 2.

[23] *Id.*

9

limitations period." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165–66 (3d Cir. 2013).

Viewing the facts in the light most favorable to the plaintiff, Donna or her personal representative had until June 30, 2020, 300 days from September 4, 2019, to file an EEOC charge. *See Williams*, 870 F.3d at 298. Jordan did not file the EEOC charge until July 23, 2020, three weeks after the latest possible deadline and after he had filed the amended complaint. Therefore, the Title VII, ADEA and ADA claims are time-barred. *Noel*, 622 F.3d at 270.[24]

## Conclusion

Jordan lacks standing to continue this action on his mother's behalf. Even if he was Donna's appointed personal representative, he has not alleged facts stating a claim for FMLA interference, and the remaining claims under Title VII, the ADEA and the ADA are time-barred. Although he could potentially cure the standing issue, he cannot overcome the other deficits. Therefore, we shall dismiss the amended complaint with prejudice.

---

[24] Jordan's claim that this action is timely because it was commenced on January 13, 2020 is without merit. For purposes of the statute of limitations, the relevant date is when the charge of discrimination was filed with the EEOC, not when suit was filed. Here, the EEOC charge was filed beyond the 300-day limitations period.